Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025LA000356
Filed Date: 4/17/2025 8:22 AM
Envelope: 32314567
Clerk: SLH

STATE OF ILLINOIS  )
                            ) SS
COUNTY OF WILL  )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | |
|---|---|
| JASMINE GADDY, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 2025LA000356<br>) |
| TARJESON TRUCKING. as the<br>Principal of Its Agent, JEFFREY STELLFLUE;<br>and JEFFREY STELLFLUE, Individually, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### COMPLAINT AT LAW

#### COUNT I
#### *JASMINE GADDY v. TARJESON TRUCKING,*
#### *As the Principal of Its Agent, JEFFREY STELLFLUE*

NOW COMES the Plaintiff, JASMINE GADDY, by and through her attorneys, RATHBUN, CSERVENYAK, AND KOZOL, LLC, and complaining of the Defendant, TARJESON TRUCKING., states as follows:

1. That on April 20, 2023, Plaintiff, JASMINE GADDY, was a restrained driver in a vehicle operated in a northernly direction on Cicero Avenue near its intersection with Montrose Avenue.

2. That on the aforesaid date, the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, operated a Semi-Truck, in a northernly direction in the left lane, on Cicero Avenue, near the intersection with Montrose Avenue.

Rm. 905

1

Initial case management set for 08/05/2025 at: 9:00 a.m.

EXHIBIT 1

3. That at the aforesaid time and place, the semi-truck operated by the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, entered the lane of travel of the Plaintiff, and collided with the driver's side of the vehicle driven by Plaintiff, JASMINE GADDY.

4. That at all times relevant hereto, the Plaintiff, JASMINE GADDY, exercised ordinary and due care as a restrained driver.

5. That at all times pertinent hereto, JEFFREY STELLFLUE acted as the agent of the Defendant, his Principal, TARJESON TRUCKING., and within the scope of said agency.

6. That at all times relevant hereto, it was the duty of the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, to exercise ordinary and due care in the operation of said semi-truck.

7. Notwithstanding the aforesaid duty, the Defendant, TARJESON TRUCKING, by and through its agent, JEFFREY STELLFLUE, breached said duty and was careless and negligent in one or more of the following respects:

    (a) Drove said vehicle at a speed, which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

    (b) Failed to decrease the speed of said vehicle when approaching or crossing said intersection, in violation of 625 ILCS 5/11-601;

    (c) Made an unsafe sale change into the lane of travel by Plaintiff;

    (d) Operated said vehicle in such unsafe condition as to endanger persons and property in violation of 625 ILCS 5/12-101;

    (e) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

2

(f) Failed to sound the horn on said vehicle to give audible warning when such warning was reasonably necessary to insure safety in violation of 625 ILCS 5/12-601;

(g) Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;

(h) Failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle;

(i) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;

(j) Operated, managed, maintained, controlled and drove said motor vehicle into collision with the rear end of Plaintiff's motor vehicle; and

(k) Operated said motor vehicle without keeping a proper and sufficient lookout.

8. That one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TARJESON TRUCKING, by and through its agent, JEFFREY STELLFLUE, was a proximate cause of said collision and substantial personal injuries sustained by the Plaintiff, JASMINE GADDY, as hereinafter mentioned.

9. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, as set forth herein, the Plaintiff, JASMINE GADDY, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will

3

expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries. Further, Plaintiff has suffered a loss of normal life.

WHEREFORE, Plaintiff, JASMINE GADDY, demands judgment against the Defendant, TARJESON TRUCKING CO., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### *JASMINE GADDY v. JEFFREY STELLFLUE, Individually*

NOW COMES the Plaintiff, JASMINE GADDY, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and complaining of the Defendant, JEFFREY STELLFLUE, states as follows:

1. That on April 20, 2023, Plaintiff, JASMINE GADDY, was a restrained driver in a vehicle operated in a northernly direction on Cicero Avenue near its intersection with Montrose Avenue.

2. That on the aforesaid date, the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, operated a Semi-Truck, in a northernly direction in the left lane, on Cicero Avenue, near the intersection with Montrose Avenue.

3. That at the aforesaid time and place, the semi-truck operated by the Defendant, TARJESON TRUCKING., by and through its agent, JEFFREY STELLFLUE, entered the lane of travel of the Plaintiff, and collided with the drivers side of the vehicle driven by Plaintiff, JASMINE GADDY.

4. Defendant, JEFFREY STELLFLUE, was operating as an agent for Defendant, TARJESON TRUCKING.

4

5. That at all times relevant hereto, the Plaintiff, JASMINE GADDY, exercised ordinary and due care as a restrained driver in the vehicle driven by Anthony Kurbis.

6. That at all times relevant hereto, it was the duty of the Defendant, JEFFREY STELLFLUE, to exercise ordinary and due care in the operation of said semi-truck.

7. Notwithstanding the aforesaid duty, the Defendant, JEFFREY STELLFLUE, breached said duty and was careless and negligent in one or more of the following respects:

(a) Drove said vehicle at a speed, which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

(b) Failed to decrease the speed of said vehicle when approaching or crossing said intersection, in violation of 625 ILCS 5/11-601;

(c) Made an unsafe sale change into the lane of travel by Plaintiff;

(d) Operated said vehicle in such unsafe condition as to endanger persons and property in violation of 625 ILCS 5/12-101;

(e) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

(f) Failed to sound the horn on said vehicle to give audible warning when such warning was reasonably necessary to insure safety in violation of 625 ILCS 5/12-601;

(g) Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;

(h) Failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle;

(i) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;

5

 (j) Operated, managed, maintained, controlled and drove said motor vehicle into collision with the rear end of Plaintiff's motor vehicle; and

 (k) Operated said motor vehicle without keeping a proper and sufficient lookout.

8. That one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, JEFFREY STELLFLUE, was a proximate cause of said collision and substantial personal injuries sustained by the Plaintiff, JASMINE GADDY, as hereinafter mentioned.

9. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, JEFFREY STELLFLUE, as set forth herein, the Plaintiff, JASMINE GADDY, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries. Further, Plaintiff has suffered a loss of normal life.

WHEREFORE, Plaintiff, JASMINE GADDY, demands judgment against the Defendant, JEFFREY STELLFLUE, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully submitted,

_____
One of the Attorneys for Plaintiff

Willard L. Hemsworth III – 06280200
RATHBUN, CSERVENYAK & KOZOL
3260 Executive Drive
Joliet, IL 60431
815-730-1977
whemsworth@rcklawfirm.com

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF WILL     )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | |
|---|---|
| JASMINE GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| TARJESON TRUCKING. as the ) | |
| Principal of Its Agent, JEFFREY STELLFLUE; ) | |
| and JEFFREY STELLFLUE, Individually, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222

I, Willard L. Hemsworth, III, being first duly sworn and under oath, state that the attached complaint does seek damages in excess of $75,000.00.

_____
Willard L. Hemsworth, III

Subscribed and sworn to before me
this 17th day of April, 2025.

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
MARK STEVEN FROEHLICH
Notary Public, State of Illinois
Commission No. 999409
My Commission Expires October 31, 2028

RATHBUN, CSERVENYAK & KOZOL, LLC
Willard L. Hemsworth - 06280200
3260 Executive Drive
Joliet, IL 60431
(815) 730-1977
whemsworth@rcklawfirm.com

8